UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

National Review Inc.
19 West 44th Street
Suite 1701
New York, N.Y. 10036

    Plaintiff,

  v.

National Science Foundation
2415 Eisenhower Avenue
Alexandria, Virginia 22314

    Defendant.

## COMPLAINT

1. Plaintiff, National Review, brings this complaint by and through undersigned counsel against Defendant, National Science Foundation ("NSF"), for violation of the Freedom of Information Act ("FOIA") (5 U.S.C. § 552). National Review is a news site covering government, global, and political news. As laid out in more detail below, National Review submitted a FOIA request seeking records related to filing extensions for the Foreign Financial Disclosure Reports required by Section 10339B of the CHIPS and Science Act of 2022 (42 U.S.C. § 19040). The FOIA request was submitted on June 13, 2025. NSF did not produce any responsive records.

2. NSF is the custodian of records that are responsive to National Review's request. No reason was given for NSF's constructive denial of National Review's request.

3. National Review seeks injunctive and declaratory relief as well as an award of costs and fees pursuant to FOIA's fee-shifting provision (5 U.S.C. § 552(a)(4)(E)).

## VENUE AND JURISDICTION

4. This Court is the proper venue pursuant to 5 U.S.C. § 552(a)(4)(B).

5. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, 2202.

## PARTIES

6. Plaintiff, National Review Inc., is a corporation formed under the laws of New York. National Review's principal place of business is located at 19 West 44th Street, Suite 1701, New York, NY 10036. National Review produces a conservative political magazine and maintains a website on which it publishes articles regarding public policy.

7. Defendant, National Science Foundation, is a Federal agency that is *sui juris*. National Science Foundation is part of the Federal government with its principal office located at 2415 Eisenhower Avenue, Alexandria, Virginia 22314.

## FACTUAL ALLEGATIONS

**A. Background**

8. National Review was founded in 1955 as a "magazine of conservative opinion." National Review has published articles about actions and policies of the U.S. Government for more than seven decades. It publishes a magazine twelve times a year and remains an influential source of news and opinion. It publishes a constant stream of online news and opinion on its website Nationalreview.com.

9. National Review reports extensively on U.S. Politics & Policy. National Review's politics and policy articles can be found at https://www.nationalreview.com/politics-policy/.

10. In accordance with Section 10339B of the CHIPS and Science Act of 2022, each "recipient institution of higher education" must annually report all "current financial support, the value of which is $50,000 or more, including gifts and contracts, received directly or indirectly from a foreign source" which is "associated with a foreign country of concern" (42 U.S.C. § 19040).

11. Initially, by July 31, 2024, all institutions of higher education were required to submit a Foreign Financial Disclosure Report, regardless of whether they received funding of $50,000 or more from a "country of concern." NSF granted a one-time grace period and extended the initial reporting deadline to September 3, 2024. The NSF reporting guidelines can be found at https://nsf-gov-resources.nsf.gov/files/How%20to%20Prepare%20and%20Submit%20an%20FFDR_9-3-24_Final_508.pdf?VersionId=Y0Aql2ujvbwGMP8yk2wCGWfEbyBSateb

12. The Director of the NSF is responsible for overseeing the NSF funding recipients' compliance with 42 U.S.C. § 19040.

**B. National Review's FOIA Request on June 13, 2025**

13. On June 13, 2025, National Review submitted a FOIA request to NSF by mail and email.

14. In its FOIA request, National Review requested all records related to Foreign Financial Disclosure Report filing extensions beyond the one-time grace period granted in 2024.

15. More specifically, National Review seeks:

    1. Any communication received from an institute of higher education requesting an extension of time to file a Foreign Financial Disclosure Report.
    2. Any communication sent from the NSF or the Office of the Director to an institute of higher education granting or denying an extension to file a Foreign Financial Disclosure Report.

16. National Review's FOIA request is limited to May 31, 2024 to the present.

17. NSF assigned National Review's FOIA request the tracking number 2025-FOI-00290.

18. In its email acknowledgement, the NSF assigned National Review's FOIA request to the "complex track" and stated an "estimated response date" of July 16, 2025.

19. NSF did not produce any records responsive to National Review's FOIA request or assert any exemptions.

**C.  National Review's Administrative Appeal**

20. On July 9, 2025, National Review submitted an administrative appeal to NSF.

21. NSF acknowledged National Review's appeal via email.

22. In its email acknowledgement, NSF stated in part: "…an administrative appeal is available for adverse agency determinations. NSF has not yet made any final determinations with regard to this FOIA request."

23. Neither the FOIA request acknowledgement email nor the appeal acknowledgement email clearly state whether NSF would or would not comply with National Review's request as required by 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT ONE: VIOLATION OF FOIA

24. Paragraphs 1 through 23 are realleged here as if set forth in full.

25. National Review submitted a valid FOIA request on June 13, 2025 to NSF. In its request, National Review provided a legally adequate description of the records it seeks.

26. NSF is the custodian of records that are responsive to National Review's June 13, 2025 FOIA request.

27. NSF did not conduct a legally adequate search for records that are responsive to National Review's FOIA request.

28. NSF did not produce any records responsive to National Review's June 13, 2025 FOIA request. Instead, NSF engaged in delay tactics by, for example, unreasonably assigning National Review's request to the "complex track" without justification. National Review's FOIA request provided more than ample information for NSF to promptly search for and produce responsive records.

29. NSF constructively denied National Review's June 13, 2025 FOIA request.

30. National Review constructively exhausted its administrative remedies because NSF did not comply with 5 U.S.C. § 552(a)(6)(A)(i).

31. National Review, also, exhausted its administrative remedies and constructively exhausted its administrative remedies.

32. NSF, therefore, violated the Freedom of Information Act (5 U.S.C. § 552).

**RELIEF SOUGHT**

33. For the foregoing reasons, Plaintiff respectfully asks this Court for:

    a. A declaration that NSF violated FOIA;

    b. An injunction ordering NSF promptly to produce all records that are responsive to National Review's FOIA request;

    c. An award of costs and fees pursuant to 5 U.S.C. § 552(a)(4)(E).

    d. Any other relief that the Court finds to be just.


Respectfully submitted,

/s/ Don Padou                                         Dated: November 19, 2025
DON PADOU
D.C. Bar No. 1005434
P.O. Box 659
Murphys, CA. 95247
202-664-4395
Padou@PadouLaw.com